# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

THOMAS JAN OLSON, JR.,

        Plaintiff,

v.

VANISHA WYCHE,

        Defendant.

Case No. 3:24-cv-00166-SLG

## ORDER OF DISMISSAL

On September 10, 2024, self-represented prisoner Thomas Jan Olson, Jr. ("Plaintiff") filed a Second Amended Complaint and an application to proceed without prepaying the filing fee.[1] Plaintiff claims his former guardian, Vanisha Wyche, ("Defendant") gave his "disability" to his parole officer without his approval.[2] Plaintiff claims Defendant violated the Privacy Act and seeks $350,000 in damages.[3]

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[4] Although this is Plaintiff's Second

---

[1] Dockets 10–11.

[2] Docket 10 at 3.

[3] Docket 10 at 3, 8.

[4] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

Amended Complaint, the Court has not yet issued an initial screening order. The Court also has an independent obligation to determine whether it has subject-matter jurisdiction.[5] If at any time, a federal court determines that it lacks subject-matter jurisdiction, it must dismiss the action.[6]

Because Plaintiff has not established that this Court has either federal question jurisdiction or diversity jurisdiction over this case, the Complaint is DISMISSED for lack of subject matter jurisdiction. The Court further finds that allowing leave for Plaintiff to file an amended complaint would be futile. Therefore, the Complaint is DISMISSED without leave to amend, and this case closed.

## SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis."[7] A federal court has original subject-matter jurisdiction over actions involving a federal question,[8] and actions between citizens

---

[5] *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *see also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived");

[6] Fed. R. Civ. P. 12(h)(3); see also *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004) (a federal court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking).

[7] *Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019).

[8] 28 U.S.C. § 1331.

Case No. 3:24-cv-00166-SLG, *Olson v. Wyche*
Order of Dismissal
Page 2 of 7
Case 3:24-cv-00166-SLG   Document 12   Filed 12/26/24   Page 2 of 7

of different states involving an amount in controversy greater than $75,000.[9] A party asserting that a federal court has jurisdiction over an action bears the burden of establishing it.[10]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[11] According to the publicly available state court records in *In the Matter of: Olson Jr, Thomas J.,* Case No. 3AN-19-00291PR,[12] Defendant Vanisha Wyche (FKA Vanisha Liston) was appointed as Guardian to Plaintiff on December 11, 2020. The guardianship was terminated on November 4, 2024, and she filed her final report with the state court on November 26, 2024.[13]

---

[9] 28 U.S.C. § 1332(a).

[10] *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).

[11] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[12] Because the case is a protective proceeding, case documents and court hearings are confidential unless authorized by statute.

[13] *In the Matter of: Olson Jr, Thomas J.,* Case No. 3AN-19-00291PR, Docket Information.

Case No. 3:24-cv-00166-SLG, *Olson v. Wyche*
Order of Dismissal
Page 3 of 7
Case 3:24-cv-00166-SLG   Document 12   Filed 12/26/24   Page 3 of 7

### I. Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[14] A case "arises under" federal law either where federal law creates the cause of action or where a plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.[15] A federal court may exercise supplemental jurisdiction over related state law claims that arise out of the same transaction or occurrence as the claims set forth in the original complaint.[16]

Plaintiff claims violations of the Privacy Act because Defendant allegedly gave his "disability" to his parole officer without his approval.[17] Although an amended complaint replaces all prior complaints, the Court notes Plaintiff previously alleged Defendant violated the Privacy Act by giving medical information over the phone.[18] The Privacy Act provides, in part, protection to individuals from disclosure of records which are part of the system of records maintained by an agency of the United States.[19] A plaintiff can only bring a claim

---

[14] 28 U.S.C. § 1331.

[15] *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689-90 (2006).

[16] 28 U.S.C. § 1367.

[17] Docket 10 at 3.

[18] Docket 1 at 1; Docket 5 at 1.

[19] 5 U.S.C. § 552a(a)(2–5) and (b).

Case No. 3:24-cv-00166-SLG, *Olson v. Wyche*
Order of Dismissal
Page 4 of 7
Case 3:24-cv-00166-SLG    Document 12    Filed 12/26/24    Page 4 of 7

under the Privacy Act against a federal agency, not against an individual defendant.[20] Accordingly, Plaintiff cannot maintain a claim under the Privacy Act against Defendant. Plaintiff makes no other allegations or claims under the United States Constitution or federal statutes. Therefore, the Court does not have federal question jurisdiction over this case.

## II. Diversity Jurisdiction

Federal courts have diversity jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000.[21] "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction."[22] "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" on the face of the complaint in order to confirm that all parties are diverse.[23] The "amount-in-controversy" for diversity jurisdiction purposes includes all recoverable damages sought by a plaintiff and is generally determined from the face of the pleadings.[24]

---

[20] *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 844 (9th Cir.1999).

[21] 28 U.S.C. § 1332(a).

[22] *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613 (9th Cir. 2016) (citation omitted).

[23] *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

[24] 28 U.S.C. § 1332(a); see also *Crum v. Circus Circus Enterprises,* 231 F.3d 1129, 1131 (9th Cir. 2000).

Case No. 3:24-cv-00166-SLG, *Olson v. Wyche*
Order of Dismissal
Page 5 of 7
Case 3:24-cv-00166-SLG   Document 12   Filed 12/26/24   Page 5 of 7

The amount in controversy meets the requisite $75,000, as Plaintiff's Complaint seeks $350,000 in damages.[25] However, Plaintiff has not established diversity of citizenship between the parties because both Plaintiff and Defendant appear to be citizens of Alaska.[26] Therefore, the Court does not have diversity jurisdiction over this case.

### III. State Law Claims

To the extent Plaintiff seeks to bring claims of fraud, conversion, negligence, breach of fiduciary duty, or misrepresentation, these are tort claims arising under state, not federal law, that are typically litigated in state court. Similarly, concerns with guardianships are addressed through various administrative agencies and in state court.[27] And, after Plaintiff filed this action, Defendant has since been terminated as Plaintiff's guardian.[28] Because the Court does not have a basis for original subject matter jurisdiction, the Court cannot exercise supplemental jurisdiction over any potential state law claims.[29]

---

[25] Docket 10 at 8.

[26] *See Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996) (discussing requirements of diversity to establish subject matter jurisdiction).

[27] *See Concern with a Guardian/Conservator,* Alaska State Association for Guardianship & Advocacy, *https://asaga.info/concern-with-a-guardian-conservator/*.

[28] *In the Matter of: Olson Jr, Thomas J.,* Case No. 3AN-19-00291PR, Docket Entry 08/12/2024 (Petition for Review of Guardianship) and Docket Entry 11/12/2024 (Order Terminating Guardianship and Superseding Findings and Order of Conservatorship).

[29] *See* 28 U.S.C. § 1331.

Case No. 3:24-cv-00166-SLG, *Olson v. Wyche*
Order of Dismissal
Page 6 of 7
Case 3:24-cv-00166-SLG   Document 12   Filed 12/26/24   Page 6 of 7

For the reasons above, the Court does not have subject matter jurisdiction to consider Plaintiff's claims. The Court further finds that according to Plaintiff leave to file an amended complaint to attempt to establish subject matter jurisdiction would be futile, and therefore does not grant Plaintiff leave to file an amended complaint.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED for lack of jurisdiction.**

2. The Court finds that granting leave to file an amended complaint would be futile.

3. All pending motions **are DENIED as moot.**

4. The Clerk shall issue a final judgment and close this case.

DATED this 26th day of December, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00166-SLG, *Olson v. Wyche*
Order of Dismissal
Page 7 of 7
Case 3:24-cv-00166-SLG    Document 12    Filed 12/26/24    Page 7 of 7